## O. H. JEWELL FILTER CO. v. JACKSON.

(Circuit Court of Appeals, Eighth Circuit. August 26, 1905.)

No. 2,048.

1. PATENT—A CONTRACT—RULES FOR CONSTRUCTION OF CONTRACTS · APPLY.
   A patent is a contract made by the acceptance by the government of the proposition made by the inventor in his application. The rules for the interpretation of contracts govern its construction. The intention of the parties when the patent issued must be deduced, if possible, not from a part of the contract, but from the entire agreement.

   [Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Patents, §§ 229–231.]

2. SAME—CONSTRUCTION—SPECIFICATION AND CLAIMS MUST BE READ TOGETHER.
   The specification of a patent which forms a part of the same application as its claims must be read and construed with the latter, not for the purpose of expanding, nor for the purpose of limiting or contracting, the claims, but for the purpose of ascertaining their true meaning and the intention of the parties when they were made and allowed.

   [Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Patents, §§ 229–235.]

3. SAME—CLAIM "SUBSTANTIALLY AS SPECIFIED" GOVERNED BY SAME RULE.

The same rule governs the construction when the words "substantially as specified" are found in a claim, for the claim is founded upon and is explained by the specification, whether these words appear in it or not. The words "substantially as specified," in a claim, refer to the elements, construction, and operation set forth in the specification.

4. SAME—ELEMENTS IN SPECIFICATION ESSENTIAL TO COMBINATION CLAIMED.

Mechanical elements described in a specification, which are essential to the operation in the way portrayed in the specification of a combination claimed, and those that are thus indispensable only, may be read into a claim from the specification.

5. SAME—INFRINGEMENT—WHEN CHANGE OF FORM OF ELEMENT IS NOT.

Mere changes of form of a device or of some of the mechanical elements of a combination secured by a patent will not avoid infringement, when the principle or mode of operation of the invention is adopted, and the form of the machine or of the elements changed is not the distinguishing characteristic of the invention. But, when the form of a mechanical element of a patented combination is the essence of the invention claimed, a change in it which prevents the combination in which it is embodied from utilizing the principle or mode of operation described in the patent to attain the result desired is not an infringement.

6. SAME—ESTOPPEL BY CLAIMS.

The statute (Rev. St. § 4888 [U. S. Comp. St. 1901, p. 3383]) requires an inventor to particularly point out and to claim distinctly the improvement or combination which he desires to secure as his discovery, and, when he has made his claims, he has thereby disclaimed and dedicated to the public all other devices, combinations, and improvements apparent from his specification, and claims that are not mere evasions of those claimed as his own, and he is estopped by his patent from thereafter claiming a monopoly as to such devices, combinations, or improvements.

7. SAME—CONSTRUCTION OF CLAIM 6 OF LETTERS PATENT 509,126—INFRINGEMENT.

The carrying arm of the sixth claim of letters patent No. 509,126, for improvements in filters, is the arm described in the specification, which is composed of two bars rigidly fastened together in such a way that one is an extension of the other and that they carry their finger bars in two series movable in different planes. The sixth claim is not infringed by the combination of a straight arm which carries its finger bars in one series in the same movable plane with the other elements of the patented combination.

8. SAME—ABSENCE OF ONE ELEMENT OF COMBINATION AVOIDS INFRINGEMENT.

The absence from a device that is alleged to infringe a patented combination of a single element of that combination is fatal to the claim of infringement.

(Syllabus by the Court.)

Appeal from the Circuit Court of the United States for the Eastern District of Missouri.

Wm. C. Strawbridge, for appellant.

John W. Noble, for appellee.

Before SANBORN, VAN DEVANTER, and HOOK, Circuit Judges.

SANBORN, Circuit Judge. This is an appeal from a decree of dismissal of a bill for the infringement of letters patent No. 509,126, to Omar H. Jewell and Ira H. Jewell, for improvements in the apparatus for agitating the sand or filtering materials in a gravity filter. Prior

to the invention of the patentees filtering materials had been placed in a large cylindrical tank in such a filter. A vertical rotary shaft, supplied with machinery and power by means of which it could be revolved in either direction, had been extended down into the tank. To the lower end of this shaft, or to a driving head upon it, lateral horizontal arms had been secured, which reached from the shaft nearly to the sides of the tank. Vertical finger bars or teeth had been rigidly fastened upon these arms, and mechanical devices had been applied to the shaft, by means of which it could be raised and lowered at will, so that the teeth could be forced into the filtering materials and made to plow through them in either direction, or could be withdrawn at the pleasure of the operator. Letters patent to John E. Warren: No. 332,975, December 22, 1885; No. 379,349, March 13, 1888; No. 404,236, May 28, 1889. The improvement which constitutes the invention of the Jewells was founded upon these devices and in this state of the art. They adopted the cylindrical tank and the rotary shaft revoluble in either direction at will, and two arms extending in opposite directions fastened to a driving head on the lower end of this shaft. One of these arms was straight and horizontal, and it was supplied with a bar beneath it, by means of which the filtering materials could be leveled as the shaft revolved. The other arm was composed of two parts—a straight horizontal bar and an extension, which consisted of another bar rigidly fastened by an angle iron beneath, and to the end of the horizontal bar in a lower horizontal plane and in a different vertical plane, so that it formed an obtuse angle with the horizontal bar, to which it was secured. Instead of providing the rotary shaft with mechanical devices to raise and lower it, the patentees pivoted their finger bars or teeth upon this arm, and limited their rotary movement upon the bars by projections or stops, so that, when the shaft was rotating in one direction, the stops would hold the teeth in a vertical position and they would plow through the filtering materials, while, when it was revolved in the opposite direction, they would rotate upon the arm until they would be dragged along over the sand in a position nearly horizontal. The device of pivoting one bar or tooth upon another and limiting its rotary movement by stops was not new. The patentees so stated in their specification, and their invention consisted of the discovery of a new combination of old mechanical elements.

The subject of the controversy in this case is the carrying arm, composed of the two bars moving in different planes. The defendant has formed a combination similar to that of the patentees, in which he has discarded this arm with two bars carrying two series of teeth in different planes, and has put in its place a straight horizontal bar upon which he has pivoted, and stopped his finger bars or teeth in substantially the same way used by the patentees. The first question in the case, therefore, is whether the use of this straight horizontal arm is an infringement of the sixth claim of the patent of the Jewells. That patent contains seven claims. In four of them the arm composed of the horizontal bar and the extension moving in a different plane is specified as one of the elements of the patented combination. The com-

plainant does not assert that the combination of the defendant infringes these claims, or any other than the sixth, which reads in this way:

"(6) In an agitator for a filter, the combination of a finger bar, pivotally mounted or attached to a carrying arm upon the agitator shaft, and provided with clutch projections or stops which abut against like clutch projections upon a collar rigidly secured to said carrying arm, when it is carried around in one direction, adapted for stirring and loosening up the filter material, and which are out of contact when the motion is reversed, and the finger bar is then free to turn upon the carrying arm until the ends of the finger bar rest upon and are dragged over the top of the filter bed, substantially as and for the purpose specified."

Is the "carrying arm" of this claim the horizontal bar and its extension in a different horizontal plane at an obtuse angle described in the specification of the patent, or is it any carrying arm provided with pivoted finger bars limited in their rotary movements by suitable projections or stops? If it is the former, the defendant is not an infringer. If it is the latter, he cannot escape the appellation.

Many cases have been cited and persuasive arguments have been presented upon this question, but it seems to lie in a narrow compass and to be determined by the terms of the patent itself. A patent is, after all, nothing but a contract by which the government secures to the patentee the exclusive right to vend and use his invention for a few years, in consideration of the fact that he has perfected and described it and has granted its use to the public forever after. The rules for the construction of contracts apply with equal force to the interpretation of patents. The great desideratum here, as there, is to ascertain and give effect to the intention of the parties to the contract when they made it. This intention must be ascertained from the entire agreement, and not from isolated parts of it, because it was not expressed by a part, but by the whole contract. When the terms of a patent are plain and the intention of the parties is manifest, the latter must prevail, and there is no room for construction. When its expressions are ambiguous and the validity of the patent or of any claim in it is doubtful, that construction which sustains and vitalizes the patent or claim, rather than that which paralyzes or destroys them, must be preferred. The contract evidenced by a patent is effected by the acceptance by the government of a proposition made by the inventor in compliance with the statutes of the United States. Those statutes require him to make his proposition in the form of an application for a patent, which shall contain a written description of his invention and of the manner of constructing and using it, in such full, clear, concise, and exact terms as to enable a person skilled in the art to make and use it, and, if it consists of a machine, an explanation of its principle and the best mode in which he has contemplated applying this principle, so as to distinguish it from other inventions. The statutes also require the applicant to particularly point out and distinctly claim the part, improvement, or combination which he seeks to secure as his invention. Rev. St. § 4888 [U. S. Comp. St. 1901, p. 3383]. This written description and explanation of the invention constitute the specification and the portion which points out the part the applicant seeks to secure as his

invention, the claim of the patent, when the proposition evidenced by the application has been accepted.

The sixth claim of this patent is without meaning or effect without the specification. A reading and consideration of the latter is indispensable to a knowledge of the nature· of the combination claimed and of its principle or mode of operation. Upon this specification the inventors based the claim, for they expressly declared that it was for the combination pointed out "substantially as specified" in the specification. Counsel have bestowed much labor upon an investigation of the decisions of the courts relative to the meaning of these words. It is undoubtedly true that, when there are two claims in a patent for two distinct improvements invented to accomplish different results, as in the case of the invention of the rocking sole upon the brake shoe and of the separate device for the suspension of the shoe from the truck, the words "substantially as specified" mean substantially as specified relative to the subject-matter of the claim, and do not necessarily import the description or claim of either improvement into the claim for the other. Lake Shore, etc., R. Co. v. Car-Brake Shoe Co., 110 U. S. 229, 239, 4 Sup. Ct. 33, 28 L. Ed. 129; Page Woven Wire Fence·Co. v. Land (C. C.) 49 Fed. 936, 942. But these words ordinarily refer back to and point out elements in the combination claimed which have substantially the construction and operation described in the specification. Westinghouse v. Boyden Power Brake Co., 170 U. S. 537, 558, 18 Sup. Ct. 707, 42 L. Ed. 1136; Singer Co. v. Cramer, 192 U. S. 265, 285, 24 Sup. Ct. 291, 48 L. Ed. 437.

Cases may be found in which an element described in the specification which is essential to the operation, in the way portrayed in the specification, of a combination or device claimed, has been·read into the claim from the specification. Westinghouse v. Boyden Power Brake Co., 170 U. S. 537, 558, 559, 18 Sup. Ct. 707, 42 L. Ed. 1136; Wellman v. Midland Steel Co. (C. C.) 106 Fed. 221, 223. The converse of this proposition, that elements or devices described in the specification which are not essential to the operation of a combination, claimed in the way portrayed in the specification, may not be imported into the claim, is equally well established. Paul Boynton Co. v. Morris Chute Co., 87 Fed. 225, 227, 30 C. C. A. 617; General Electric Co. v. International Specialty Co., 126 Fed. 755, 759, 61 C. C. A. 329, 333; Walker on Patents, p. 171, § 182; Temple Pump Co. v. Mfg. Co. (C. C.) 30 Fed. 440, 442. Nor are decisions wanting which have limited the general language of a claim to an element or device, its construction, and operation as set forth in the specification. White v. Dunbar, 119 U. S. 47, 52, 7 Sup. Ct. 72, 30 L. Ed. 303; Vance v. Campbell, 1 Black, 427, 17 L. Ed. 168; Stirrat v. Mfg. Co., 10 C. C. A. 216, 220, 61 Fed. 980, 984; Adams Electric R. Co. v. Lindell R. Co., 77 Fed. 432, 449, 23 C. C. A. 223, 240. The clue which leads through the labyrinth of the opinions upon this subject is an endeavor to find in each case, by a reading of both the claim and the specification, the actual invention which the patentee made and intended to claim, and then to give effect to that intention, unless by the terms of the specification or claim he has renounced his right to that result. The true rule is that the specifi-

cation òf a patent, which forms a part of the same application as its claims, must be read and construed with them, not for the purpose of expanding nor for the purpose of limiting or contracting the latter, but for the purpose of ascertaining their true meaning and the actual intention of the parties when they were made and allowed. Seymour v. Osborne, 11 Wall. 516, 547, 20 L. Ed. 33. :

Let us, then, turn to the claim and specification, and learn from them, if possible, whether the particular form of the carrying arm described in the specification was essential to the operation of the combination pointed out in the claim in the way set forth in the specification, and whether or not the patentees intended to claim more than the combination of this particular form of arm with the other elements of this claim. The parts of the specification relevant to this question, aside from the detailed description of the method of construction of the arm, read in this way:

"The invention is in part in the nature of an improvement upon that granted to Omar H. Jewell and William M. Jewell, in letters patent No. 425,573, dated April 15, 1890, and in further part of that shown in an application filed by the said Jewell and Jewell June 7, 1892, serial No. 435,883. * * * Said arm extends to within a short distance of the inside of the inner tank, and has solidly attached to its outer end the angle casting, 17, shown in views 6, 7, and 8, to which a short lateral arm extension, 18, is also rigidly attached, the center line of which intersects that of the longer portion at an obtuse angle laterally thereto, but in a horizontal plane below said longer arm and extending out therefrom to just clear the inside of said inner tank. * * * It will be observed, also, that the agitator possesses features of construction and arrangement of parts which adapt it to the requirements in a high degree, some of which have been in part described in a former application hereinbefore referred to, consisting chiefly of the clutch finger bar, socket castings, and clutch set collars. In said application the lateral arm supporting said castings extended radially outward from the center of the upright shaft, making it impossible to suspend the finger bars at or near the outer end of said lateral arm, as they would strike the side of the tank when the motion was reversed, leaving a large space near the periphery of the filter bed not acted upon by the finger bars during the process of filtration. This is obviated in our present invention by setting the outer portion of the lateral arm at an angle, so that, when the finger bars are dragging upon the top of the filter bed, the point of suspension and the end of the finger bars will be at the same distance from the inner periphery of the tank. * * * We are also aware that to pivot a bar and to limit the motion of said bar upon said pivot is not per se new. In our invention the finger bars are self-adjusting to the direction of motion, and consist of two series, movable in different planes and for a new and useful purpose."

From these parts of the specification these facts clearly appear: The invention was of an improvement upon the machine or combination shown in an application for a patent dated June 7, 1892. That application disclosed a combination which had a straight lateral arm bearing the pivoted finger bars, limited in their rotary movements by appropriate stops. That combination would not stir a large space near the periphery of the filter bed, because the finger bars could not be placed upon the horizontal arm near its outer end without striking the side of the tank when the motion of the arm was reversed and they turned to a nearly horizontal position. The invention evidenced by this patent sets the outer portion of the arm at an obtuse angle to its inner portion, so that the point of suspension of a finger bar upon it

and the end of the finger bar will be at the same distance from the wall of the tank when the finger bar is dragging over the filter materials in a nearly horizontal position. Moreover, in this invention, the finger bars consist of two series, movable in different planes. This state of the facts so clearly disclosed by the specification renders the conclusion unavoidable that the carrying arm of the sixth claim is the arm composed of two parts placed in different movable planes and at different angles with the shaft described in the specification. A straight horizontal arm does not and cannot operate with the pivoted finger bars described in the specification, as the specification declares that the invention does operate. Such an arm does not and cannot sustain the finger bars in the two series in different movable planes, as the arm of the patented combination is able to do. The arm with the two bars moving in different planes is therefore indispensable to the operation of the combination as described in the specification, and it is, therefore, an essential element of the combination of the sixth claim.

The argument that this construction is inadmissible because there are other claims in the patent which clearly specify and secure the form of arm described in the specification, that this interpretation gives the sixth claim the same effect which some of the other claims clearly have, and that two claims should not be interpreted to have the same meaning when this may be avoided (Tondeur v. Stewart [C. C.] 28 Fed. 561; Page Woven Wire Fence Co. v. Land [C. C.] 49 Fed. 936, 942), has not passed without attention. But in the suit at bar this interpretation cannot be avoided without violating the cardinal rule of all construction, that the intention of the parties, when clearly manifest from the contract, must have effect. The sixth claim and the specification, when read together, demonstrate the fact that the invention, and the only invention, which the Jewells intended to secure by this patent, was the combination of this arm, composed of two bars moving in different planes, with the other devices necessary to its operation. With this form of arm their device would agitate the entire filter. Without it, it would not; and they declared that their invention was made to overcome this difficulty, and that it accomplished its result by the use of this form of arm.

It is contended that the combination of the defendant with its straight lateral arm is an infringement of this claim of the patent, because it is a mere change of the form of an element, and mere changes of form of some of the mechanical elements of a patented combination do not avoid infringement, when the principle of the invention is adopted and form is not its essence. National Hollow Brake Beam Co. v. Interchangeable Brake Beam Co., 106 Fed. 693, 711, 45 C. C. A. 544, 562; Kinloch Tel. Co. v. Western Electric Co., 113 Fed. 652, 656, 51 C. C. A. 362, 365, 366. But the rule that changes of form do not avoid infringement has at least two exceptions—when the form of the mechanical element is the distinguishing characteristic of the invention, and when the change in the form of the element changes the principle or mode of operation of the combination. In this case the form of the arm with its two bars moving in different planes was the essence of the invention of the Jewells. The principle and the mode of

its operation was the movement of these two bars in different movable planes so that the points of suspension of the lower ends of the finger bars on the outer bar would be at the same distance from the side of the tank when they were dragged over the surface of the filtering materials. The combination of the straight arm with the other elements described by the Jewells did not and could not operate in this way. Hence it was not an infringement of the sixth claim of their patent, under the familiar rule that the absence from a patented combination of a single essential element is fatal to the charge of infringement.

The truth is that the patentees and the appellant, their successor in interest, are estopped, by the declarations in the patent which have been cited, from claiming a monopoly of any invention which does not include the specific form of lateral arm which they described. The statute requires the inventor to point out and distinctly claim his invention. When he has done this, he has thereby disclaimed and dedicated to the public all other combinations and improvements apparent from his specification and claims that are not evasions of the improvement he points out. The patent is a notice to all the world, not only of the improvements claimed, but of those that are dedicated to the public, and the patentee is justly estopped from subsequently claiming the latter. Here the patentees by their specification entered a distinct disclaimer of a combination of the straight lateral arm, with the other elements specified in their claim, and made a clear statement that their invention consisted of two series of finger bars movable in different planes. It was too late for them to recall and modify these statements after the defendant, in reliance upon them, had constructed and put in operation a combination with other elements of an arm which does not and cannot have the two series of finger bars moving in different planes.

The decree below must be affirmed. It is so ordered.