## ELECTRIC CANDY MACHINE CO. v. MORRIS.

(Circuit Court, E. D. Missouri.  September 22, 1905.)

No. 5,040.

1. PATENTS—CONSTRUCTION OF CLAIMS—PIONEER INVENTION.

A machine for making on a commercial scale and more cheaply an article previously made only by hand is a pioneer invention, and a patent therefor is entitled to a liberal construction.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Patents, §§ 46, 230.]

2. SAME—RULES OF CONSTRUCTION.

Where the validity of a patent is in doubt because the claims are ambiguous, that construction is to be preferred which sustains the patent rather than that which would render it invalid.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Patents, §§ 230, 231.]

3. SAME—USE OF REFERENCE LETTERS IN CLAIM.

The use of reference letters in a claim of a patent does not confine the claim to a part having all of the characteristics of that shown in the drawing, but it covers any equivalent of such part.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Patents, § 248.]

4. SAME—SUIT FOR INFRINGEMENT—DEFENSES.

It is not a defense to a suit for infringement of a patent that the alleged infringing device was made in accordance with a later patent.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Patents, § 448.]

5. SAME—ANTICIPATION—DEVICES IN DIFFERENT ARTS.

A patent is not anticipated by prior patents for devices used in different arts which were not intended to accomplish and did not in fact accomplish the objects and purposes of the invention of the patent in suit.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Patents, § 89.]

6. SAME.

Prior patents which refer incidentally or inferentially to features which take practical form and embodiment in a later patent do not anticipate such later patent where it is the only one which solved the problem.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Patents, § 79.]

7. SAME.

Anticipation is not made out by the fact that a prior existing device shown in a prior patent may be easily changed so as to produce the same result as that of the patent in suit, where the prior device was in common use, and it did not occur to any one to make the change until it was suggested by the patent in suit.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Patents, § 66.]

8. SAME—INFRINGEMENT—CANDY MACHINE.

The Morrison and Wharton Patent No. 618,428 for a candy machine for making floss or spun candy was not anticipated, discloses invention, and is entitled to a liberal construction.  Claim 1 also held infringed.

In Equity.  On final hearing.

Judson & Green, for complainant.
Higdon & Longan, for defendant.

FINKELNBURG, District Judge.  The complainant is the owner of letters patent No. 618,428 that were issued on the 31st day of January, 1899, to William J. Morrison and John C. Wharton, of Nash-

ville, Tenn., for improved candy machines, and it brings this suit against the defendant claiming that he has infringed the patent, seeking relief in a suit in equity by injunction, an accounting, etc. The answer disputes the validity of the patent, and denies infringement. The invention of complainant's assignors consists of a machine for making "floss" or "spun" candy, that is, candy consisting of thread-like or silk-like filaments formed from melted sugar or candy. The essential features of the invention are described in the specification as follows:

"Our invention relates to improvements in candy-making, or, as commonly called, 'candy machines,' in which a revoluble or rotation pan or vessel containing candy or melted sugar causes the said candy or melted sugar to form into masses of thread-like or silk-like filaments by the centrifugal force due to the rotation of the vessel. The object of our invention is to obtain an edible product consisting of the said filaments of melted and 'spun' sugar or candy."

The claims are as follows:

"1. The combination, in a candy machine, of a rotative perforated vessel, A', A", C, C', and a heating attachment, or burner m, substantially as shown and for the purpose set forth.

"2. The combination, in a candy machine, of a rotative perforated vessel, a heating attachment, and a heat screen D with flange n, and support F, substantially as shown and for the purpose set forth.

"3. The combination, in a candy machine, of a rotative, perforated vessel, a heating attachment, and a heat screen D, with flange n, support F and fender E, substantially as shown and for the purpose set forth."

It is alleged that defendant's machine infringes the first of these claims, so that only that one claim is directly in issue, and the proper construction of this claim is one of the disputed points in the case. Defendant's counsel contend that because claim 1 in its language refers to "a rotative, perforated vessel A, A', A", C, and C', it must be limited to the precise vessel and shape indicated by these reference letters in the drawings to which they refer. Defendant's counsel also call attention to the fact that in the descriptive part of the letters patent defendant's vessel is described as "essentially a bowl with a flange as shown at A","" etc. In short, it is contended that there can be no infringement of this patent unless an apparatus, precisely as shaped and described in the letters patent, is made use of.

I gather from the evidence that prior to complainant's invention spun candy was made in a limited way only by hand with the aid of a spoon, fork, or brush, as described in a certain cookbook; that this was a slow, tedious, and expensive method; and that by the machine in controversy its manufacture as a commercial product on a larger and cheaper scale was made possible. In this sense the invention would come under the definition of a pioneer invention given in Westinghouse v. Boyden Brake Co., 170 U. S. 537, 18 Sup. Ct. 707, 42 L. Ed. 1136, viz., a device of such novelty and importance "as to mark a distinct step in the progress of the art as distinguished from mere improvement or perfection of what had gone before." But whether strictly a pioneer patent or not, I understand the rule governing the construction of a meritorious patent to be that it should be liberally interpreted in favor of the patentee in so far at least as to sustain the

just claims of the inventor, and that the claims shall be construed if possible to sustain the patentee's right to that which he has invented. Robinson, 735. Swayne, J., in the case of Blandy v. Griffith, 3 Fish. Pat. Cas. 609, 620, Fed. Cas. No. 1,529, says:

"The rights secured by a patent for an invention or discovery are as much property as anything else, real or incorporeal. The titles by which they are held, like other titles, should not be overthrown upon doubts or objections capable of a reasonable and just solution in favor of their validity. This principle should be steadily borne in mind by those to whom is intrusted the administration of civil justice."

And in a very recent decision of the Circuit Court of Appeals in this circuit, Sanborn, J., calls attention to the fact that a patent after all is nothing but a contract; that the rules for the construction of contracts apply with equal force to the interpretation of patents; that the great desideratum is to ascertain the intention of the parties; that this must be ascertained from the entire instrument and not from isolated parts; that when the terms of a patent are clear there is nothing to construe, but when its expressions are ambiguous, and the validity of the patent or of any of the claims in it is doubtful, that construction which sustains and vitalizes the patent or claim, rather than that which paralyzes or destroys them, must be preferred. Jewel Filter Co. v. Jackson (August 26, 1905) 140 Fed. 340, 72 C. C. A. 304. The use of reference letters does not necessarily confine the claim to a part having all the characteristics of the part, which in the drawings is indicated by that letter or numeral, because a claim which expressly covers a particular device impliedly covers any equivalent of that device. Walker on Patents (4th Ed.) pp. 101, 102. "The breadth or narrowness of a claim, as the case may be, does not depend upon any artificial rule of interpretation, and to narrow a broad invention by reference letters or numerals alone, would be to frame and enforce such a rule." Walker on Patents, 117a, and cases there cited.

I do not think that the expression "the pan A is essentially a bowl with a flange," etc., confines the patentee to the precise bowl shape shown in the drawing. I think the word "essentially" is used as synonymous with "practically" or "substantially," and not in the sense that this precise bowl shape is indispensable. Besides, as pointed out by complainant's expert, "in this one line he sees fit to call it a 'bowl,' in 8 or 10 other places he calls it simply a 'pan,' while in a dozen or 15 other places he called it a 'vessel.' In the claims it is simply referred to as a 'vessel.'" And in another place in the patent it is stated that "we do not confine ourselves to the exact construction of the machine as shown in the drawings, as it is obvious that various forms might be given to the essential parts." As to this question of limitation by reference letters, I am impressed also with the views expressed by Sanborn, J., in the case of National Hollow Brake Co. v. Interchangeable Brake Co., 106 Fed. 693, 696, 45 C. C. A. 565, 566, and my conclusion on this branch of the case is that claim 1 of the complainant's patent is not limited so as to exclude mechanical equivalents.

On the question of infringement, authorities concur that the substantial equivalent of a thing in the sense of the patent law is the same as the thing itself; so that if two devices do the same thing in substan-

tially the same way, and accomplish substantially the same result, they are the same, even though they differ in name, form, or shape. Machine Co. v. Murphy, 97 U. S. 120, 24 L. Ed. 935. As to the fact of infringement itself, the court agrees with the following statement of complainant's expert witness:

"I find that the essential things indicated in this first claim are all found in this Morris machine, and for this reason: The first claim states as follows: 'The combination of a candy machine of a rotative perforated vessel.' I find here a rotative perforated vessel. I find in this claim a heating attachment, and I find in this machine a heating attachment precisely—or burner. Those two things are all that is claimed in the first claim, and I find them both here and in the same relationship to each other as in the letters patent which I hold in my hand. There is, of course, a difference in the proportions, in shapes, but they are only such differences as naturally arise in building a vessel of various shapes and dimensions, and in constructing a burner of various shapes and dimensions, and of producing rotations by various devices."

"In each machine there is a bottom and a top to the vessel, which is to hold the sugar and the melted sugar. In each machine the top is fastened to the bottom by means of adjustable fastenings—in the one case screws, in the other case clamps. In each machine there is an inverted cylinder to contain the hot gases. In each machine the intensest heat would occur just at the circumference of the vessel where the thickness of the material to be melted is the least, and where the melted sugar would immediately find exit through the perforations on the circumference. In each machine it is so supported that in the center the material would be relatively cool. The fact that in the Wharton patent the upper and the lower surfaces are curved, while in the Morris patent they are in the one case nearly plain and in the other conical, is an immaterial point. The vessel could be shaped in a hundred different ways without in any way departing from the principles involved. And for this reason I find in the Morris machine exactly what is claimed in the first claim of the Wharton."

But defendant claims that this machine is constructed in accordance with a later patent (Kochs' patent, No. 792,710, June 20, 1905). This patent was not issued until after the hearing of this case, but evidence was introduced that the application was allowed August 6, 1904. Some question has been made as to the technical sufficiency of the proof of this application and allowance; but, assuming the evidence to be sufficient, the question remains in how far complainant can be affected in his rights by a later patent issued by the Patent Office. Defendant's counsel in their brief emphasize the fact that a patent is a contract between the government and the inventor based on a valuable consideration. This being so, it goes without saying that the patentee's rights cannot be taken away or curtailed by any subsequent act of the Patent Office. It has become the property of the patentee, and as such is entitled to the same legal protection as other property. McCormick Harvesting Machine Co. v. Aultman-Miller Co., 169 U. S. 606, 608, 18 Sup. Ct. 443, 42 L. Ed. 875. But it is claimed that the Kochs' patent raises a prima facie presumption that there is a patentable difference between defendant's machine and complainant's machine. But this presumption does not exclude the fact that the later patent may embody things which are the exclusive property of the complainant under a prior patent. In other words, it may be that Kochs' patent contains improvements which this complainant cannot use, but it does not follow that therefore Kochs' patent also absorbs improvements theretofore in-

vented by and patented to complainant's assignors. If, therefore, as the court has found, defendant's machine infringed on certain essential features of complainant's machine, the mere fact that it is constructed in accordance with a subsequent patent issued to another party is no defense. Blanchard v. Putnam, 8 Wall. 420, 19 L. Ed. 433; Norton v. Eagle Co. (C. C.) 59 Fed. 138.

In regard to the proceedings in the patent office, while Morrison and Wharton's application was pending, as disclosed by the "file wrapper" introduced in evidence, defendant claims that their abandonment of original claim 7 estops complainant from making its present claim under claim 1. I find on examination of the file wrapper that the original 7 was for a "combination, in a candy machine, of a rotative, perforated vessel, and a rotative shaft J propelled by any suitable motor substantially as shown and for the purpose set forth." The combination with a rotative shaft propelled by a motor, here referred to, does not appear in claim 1, and therefore I do not see how its abandonment affects the proper construction of claim 1. Nor do I find anything in the other rejections, modifications, or withdrawals of claims in the patent office which militates against complainant's present demands; nor in the fact that complainant in this suit confines himself to claim 1, and does not rely on claims 2 and 3. After all, a patent was granted to complainant's assignors, and complainant is entitled to stand on any one of the claims embodied in it.

Now as to the prior state of the art and anticipation by prior patents. It is an old saying that there is nothing new under the sun, and in a certain general sense this may be true. But certain elements and forces of nature, though always in existence, have lain dormant until called into use by inventive genius, and from time to time they are turned to new uses by further inventions. Centrifugal force, produced by rapid revolution, is old, as complainant's expert witness says: "It is as old as the solar system." It cannot be monopolized, but its application to new uses from time to time may nevertheless be patented. Most machines have predecessors in the same or some other sphere of usefulness which more or less approach or lead up to the new machine. By an ingenious and acute process of analysis nearly everything may be resolved into elements which are old. But I apprehend that for purposes of the patent law we must take a more practical view of what is old and what is new. A patent is not anticipated by prior patents or devices used in different arts, which did not solve the problem of the invention covered by the patent in suit, and which were not intended to accomplish, and did not in fact accomplish, the objects and purposes of the invention of the patent in suit. Prior patents which refer incidentally or inferentially to features which take practical form and embodiment in a later patent do not anticipate such later patent, the later patent being the only one which successfully solved the problem. See Barbed Wire Cases, 143 U. S. 275, 12 Sup. Ct. 443, 36 L. Ed. 154. "It may be laid down as a general rule, though perhaps not an invariable one, that if a new combination and arrangement of known elements produce a new and beneficial result never attained before, it is evidence of invention. Webster Loom Co. v. Higgins, 105 U. S. 580, 591, 26 L. Ed. 1177. Nor is an anticipation made

out by the fact that a prior existing device, shown in a prior patent, may be easily changed so as to produce the same result as that of the device of the patent in suit where the prior device was in common use without it occurring to any one to adopt the change suggested by the patent in the suit. Heath Cycle Co. v. Hay (C. C.) 67 Fed. 246; Griswold v. Harker, 62 Fed. 389, 10 C. C. A. 435. Time does not permit me to review in detail each of the numerous patents referred to by defendant as anticipating complainant's patent, or showing the prior state of the art. None of them is for a candy machine, and, in my opinion, none of them is of sufficient practical similitude to invalidate the Morrison and Wharton patent.

Other points in this controversy have received attention, though not herein specially mentioned. It follows from the foregoing that the complainant is, in my opinion, entitled to a decree, and such a decree in the usual form may be drawn and entered.