ELECTRIC CANDY MACH. CO. v. EMPIRE CREAM SEPARATOR CO.

(Circuit Court, D. New Jersey.    May 16, 1908.)

PATENTS—INFRINGEMENT—CANDY MACHINE.

The Morrison and Wharton patent, No. 618,428 for a candy machine, claim 1, contains but two elements, a rotative perforated vessel, and a heating attachment or burner.  By referring to the vessel as "the vessel, A, A', A", C, C'," the part, A" as shown in the drawings, is not made an element of the claim; but the letters are merely used as designating the vessel described as an entirety.  As so construed, said claim *held* infringed.

In Equity.    On final hearing.

Francis C. Lowthorp, F. W. Ritter, Jr., Melville Church, and G. P. Ritter, for complainant.

William Houston Kenyon and Pennington Halsted, for defendant.

CROSS, District Judge.. The complainant is the owner of letters patent No. 618,428, which were issued to William J. Morrison and John C. Wharton January 31, 1899, for a "candy machine." The pleadings are in the usual form.  The first claim only of the patent is involved. It is as follows:

"1. The combination, in a candy-machine, of a rotative, perforated vessel. A, A', A", C, C', and a heating attachment, or burner, m, substantially as shown and for the purpose set forth."

The defendant has rested its case upon the complainant's proofs, and consequently is restricted in its defense to a denial of infringement. Narrowed still farther, the substantial question for decision is whether the scope of claim 1 in the complainant's patent is so narrowed and limited by the use of reference letters therein that it embraces that particular form of construction only which is shown in the diagram to which the letters refer.   On the part of the complainant, it is maintained that there are but two elements in the claim, a rotative perforated vessel, and a heating attachment or burner; while the defendant claims that the flange of the rotative vessel which is indicated in the claims, drawings, and specifications by the letter A" is either an additional element, or an essential feature of the first element, with which, regarded in either way, the defendant has dispensed, and consequently has not infringed the patent in suit.   This, as I understand the argument of complainant's counsel, is the only material defense; but, whether or not I am right in this assumption, it is in fact, in my judgment, the only substantial difference, if any, between the two machines.   In an application for a preliminary injunction, based upon ex parte affidavits, I was in doubt whether or not the defendant's insistment was correct, and, consequently, for that and other reasons, denied the complainant's application.   It may properly be stated at this point that the validity of the complainant's patent was upheld in Electric Candy Company v. Morris (C. C.) 156 Fed. 972, in which case it was also held to be a pioneer invention in the sense in which that expression is defined in Westinghouse v. Boyden Brake Co., 170 U. S. 537, 18 Sup. Ct. 707, 42 L. Ed. 1136, viz.:

"A device of such novelty and importance as to mark a distinct step in the progress of the art as distinguished from mere improvement or perfection of what had gone before."

Tending in the same direction is the testimony of the complainant's expert, who says that he knows of no candy machine which has the elements of claim 1 upon which the patent in suit is an improvement.

I have already said that in my judgment the only substantial difference, if any, between the machine of the complainant and the defendant, is that the former has the flange, A", which the latter has not. There are, however, some immaterial differences of construction which will now be considered, and, first, the bottom of the complainant's revolving vessel is concave in form, while in the defendant's it is flat, but in the latter the upper part is convex, with the result that the interior of the sugar holding vessel is substantially of the same shape in both, and in either case the bulk of the sugar is held in the center of the vessel as remote as may be from the zone of intensest heat over the circle of gas burners beneath. Moreover, in both, the sugar, as held by the receptacle, is comparatively thin over the burners, so that it may be readily and rapidly melted, after which it is thrown by centrifugal force outwardly to and through the small apertures or perforations in the edge of the revolving vessel. The portion thus melted and thrown out is immediately replaced by unmelted sugar from the mass in the center of the vessel, and this process is constantly repeated while the machine is in operation. In both machines the circle of perforations is located at the outer limits of the sugar-containing vessel, into which the sugar is fed at the top, through a passage shaped like an inverted funnel. This form of opening is used to prevent the sugar from being thrown out at the top of the vessel by its rapid revolution. The transposition of the upper and lower parts of the sugar-containing vessel just referred to is, in my opinion, a manifest evasion. Another but unimportant difference in mechanical construction consists in the fact that the upper and lower parts of the containing vessel are held together, in the case of the patented machine, by clamps, and in the defendant's by bolts. These are plainly mechanical equivalents. Again, the means of rotating the vessels is different. It should be noted, however, that claim 1 does not specify the mechanism which might be adopted for that purpose. It is true that in the specifications, foot power is referred to; but it is added that such power might be replaced by any other suitable power. So, also, the perforations in the two machines, although similarly located, differ somewhat in shape. In the drawings of the patent they are shown as small triangular apertures, while in the defendant's machine they are narrow slits as if made by a very fine saw. In either case, however, they perform substantially the same function in the same way. Then, too, the claim in question does not restrict the openings to any particular size or shape. The vessel is said to be "perforated," and perforations may be of manifold sizes and shapes. Furthermore, the patentees in their specifications say:

"We do not confine ourselves to the exact construction of the machine as shown in the drawings, as it is obvious that various forms might be given to the essential parts."

We come then to a consideration of the question whether or not the flange, A″, is so described by letters of reference in the claim as to constitute it either an element by itself or an essential part of an element. The function of the flange, if any it has, is evidently insignificant and unimportant. The specifications, after speaking of the melted sugar as being thrown by the centrifugal force of the revolving vessel through the perforations, adds: "Thence along the flanged part, A″, to the extreme edge of the rotative vessel." This is the only reference made to the flange, simply as a flange, and it is apparent that no function is ascribed to it. Complainant's expert, testifying upon this point, says:

"It is evident that flange A″ has a variety of functions, although none are specified or even mentioned in the specifications of the patent. It is clear, however, that the flange, A″, strengthens the curved portion of the rotating vessel and enables it to retain its shape in spite of the centrifugal forces developed during rotation. A second function is to furnish a means for attaching the cylinder, A′, to the rotating vessel, and, thirdly, being always hot during the operation of the machine, the temperature being about the melting point of sugar, it would, if the speed of rotation is low, keep the streams of candy issuing from the perforations in the circumference of the vessel sufficiently warm so that they might continue to stretch during the passage across the flange A″, whether narrow or wide, to the receptacle beyond. In case of very rapid rotation this third function would so nearly disappear as to be inappreciable."

It is obvious, however, that, of the functions thus indicated, the first two are purely mechanical and constructive, while the third, in view of his other testimony, is quite unimportant, since he admits in one place that the main stretching of the candy is done after the candy leaves the flange, and, in another, that, in case of very rapid rotation, this function would so nearly disappear as to be inappreciable. We have then a bowl, with a flange or projecting edge of no particular width, and without distinctive function that the ingenuity of an expert can discover, outside of mere mechanical construction, except its possible tendency to stretch the candy when the sugar-containing vessel is revolving slowly, but which practically disappears when it is revolved rapidly. There is nothing, however, in the claim which prescribes any particular degree of speed in the revolution of the bowl. The requisite speed would perhaps be determined to a great extent, by the size of the perforations, since with larger apertures the candy would be ejected by the exercise of less centrifugal force than it would with smaller. In my opinion infringement cannot be avoided by omitting the flange any more than it could be by widening, narrowing, or thickening it. So far as appears it is not an essential element or part of an element of the claim under consideration. In the specifications, in different places, it is spoken of, but always when describing the rotative or revoluble vessel, as an entirety. Thus the inventors at one place speak of "the entire rotative or revoluble vessel," A, A′, A″, C, C′, and again, at another place, as "the revoluble vessel," A, A′, A″, C, C′, and, lastly, as "the vessel," A, A′, A″, C, C′; that is to say, they describe the vessel as a parallelogram might be described, by placing the letters A, B, C, D, at its respective corners, or a triangle by the letters A, B, C, at its angles. As already said, the patent itself nowhere, ei-

ther in the specifications or claim, attaches any definite or controlling significance to the flange, and it remained for an expert to discover and define its function.

As a matter of fact, then, claim 1 describes a combination consisting of but two elements, "the rotative perforated vessel" and "the heating attachment or burner," and the descriptive letters do not restrict these elements to the precise construction pointed out in the drawings, but rather indicate one of the various forms of construction which the specifications say might be adopted. Whether or not reference letters narrow the scope of a claim depends upon the state of the prior art. The rule is thus laid down in Walker on Patents, at section 182a:

"Reference letters or numerals when used in a claim to indicate, or help to indicate, a part or combination covered thereby, do not limit that claim to the specific mechanism shown in the patent, unless the claim must be thus limited by the prior state of the art."

In Lake Shore R. Co. v. Car-Brake Shoe Co., 110 U. S. 229, 4 Sup. Ct. 33, 28 L. Ed. 129, a brake-shoe patent was considered. The only claim involved was as follows: "The combination of shoe, A, sole, B, clevis, D, and bolt, G; the whole being constructed and arranged substantially as specified." The defendant contended that the element of the lateral locking motion of the sole B, should be read into the claim, since it was described as one of the features of the sole in the specification. This contention, however, was disallowed; the court saying, at page 236 of 110 U. S., at page 36 of 4 Sup. Ct. (28 L. Ed. 129):

"There is no suggestion that the combination of the second claim was not new; and, there being nothing shown in the state of the art which requires any such construction of the second claim as that contended for by the defendant, and it being fairly susceptible of the opposite construction, and the latter being one which is commensurate with the real invention embraced in the second claim, and one which prevents the real substance of that invention from being bodily appropriated by an infringer, it is proper to give the claim such a construction."

Again, in National Hollow Brake Beam Co. v. Interchangeable Brake Beam Co., 106 Fed. 693, 45 C. C. A. 544, we find the following statement of the law upon pages 714 and 715 of 106 Fed., pages 565, 566 of 45 C. C. A.:

"There are cases wherein the form of a device is the principle of the invention. There are other cases wherein the state of the prior art and the specific terms of the specifications and drawings leave no doubt of the intention of the applicant to restrict his claim to the specific form of the device or element he points out. In such cases claims of patents are sometimes limited to the specific forms of the devices pointed out by letters or numbers in the claims or specifications. * * * The description in a specification or drawing of details which are not, and are not claimed as, essential elements of a combination, is the mere pointing out of the better method of using the invention. City of Boston v. Allen, 91 Fed. 248, 249, 33 C. C. A. 485, 486. A reference in a claim to a letter or figure used in the drawing and in the specification to describe a device or an element of a combination does not limit the claim to the specific form of that element there shown, unless that particular form was essential to, or embodied the principle of, the improvement claimed"—citing numerous authorities.

The same rule was laid down in Electric Candy Mach. Co. v. Morris, supra, wherein the patent under consideration was upheld. Of the mul-

titude of authorities that might be cited, the above are sufficient to illustrate the point in question.

In the case at bar, the prior art is not before us, and there is nothing of record therefore which demands or requires a limitation of the claim. On the contrary, the patent has been adjudged in another jurisdiction to be a pioneer patent, and the testimony of complainant's expert points in the same direction. There is consequently no apparent reason why any restrictive force should be given to the letters of reference. There is no reason why the letter A" should be held to constitute an element or an essential part of an element of the claim in suit. Any argument in that direction would make each of the other lettered parts also distinctive and essential elements incapable of the slightest variation. As already indicated, the letters of reference simply point out the "rotative vessel," and do not restrict the claim to the particular form of construction shown in the drawings. The differences between the defendant's machine and the complainant's, such as they are, are merely details of mechanical construction.

I have therefore reached the conclusion that the defendant has infringed the complainant's patent.

A decree in the usual form to that effect will be entered with costs.