WESTINGHOUSE et al. v. NEW YORK AIR BRAKE CO. et al.

(Circuit Court, S. D. New York. July 14, 1904.)

No. 4,977.

1. PATENTS—INFRINGEMENT—DAMAGES RECOVERABLE.

On an accounting for infringement of a patent, complainant is entitled to recover the amount of the profits he would have realized, if he had made the sales which were made by defendant, where he was prepared to supply the demand, although it may exceed the profits made by defendant.

2. SAME—AIR BRAKES.

Profits and damages for infringement of the Westinghouse patent, No. 376,837, for an improvement in air brakes, must be based on the sales by defendant of the entire triple valve structure, of which the emergency valve of the patent is the dominating feature, without which the entire structure would be without marketability.

In Equity. Suit for infringement of letters patent No. 376,837, for an improvement in air brakes, granted to George Westinghouse, Jr. On exceptions to master's report.

See 115 Fed. 645.

Betts, Betts, Sheffield & Betts, for complainants.

Charles Neave, for defendants.

PLATT, District Judge. This wearisome contention ought to end at the earliest practicable date. I have tried to give it such attention as so large a matter deserves, and being well aware that my action is merely a necessary stepping-stone to the final outcome, I present my conclusions in all brevity, trusting that I may be credited with having performed my duties with scrupulous care, and insisting that silence upon many points before me in no wise indicates a lack of appreciative interest.

For obvious reasons, the law of the case must be accepted as laid down at the last hearing on the circuit. Any inclination toward an independent judgment upon the main question will, therefore, be sternly repressed, although it will not excite profound surprise if further proceedings shall carry the doctrine of Wales v. Waterbury a

¶ 1. Accounting by infringer of patent for profits, see note to Brickell v. Mayor, etc., of City of New York, 50 C. C. A. 8.

See Patents, vol. 38, Cent. Dig. §§ 567, 571.

step beyond the point at which necessity compelled the master to pause in his supplemental report. I am satisfied that the master's action therein is based upon a correct interpretation of the decretal order, whether examined from the view-point of its letter or of its spirit. The opinion of the Court of Appeals (63 Fed. 962, 11 C. C. A. 528), coupled with the facts found by the master in his original report, and the position taken by defendants upon those facts—in short, the entire situation which confronted Judge Wheeler at the hearing—makes it impossible to suspect that he was influenced toward so narrow and astute a construction of the injunctive order as that which the defendants insist that he adopted.

The emergency valve could not be separated from the triple valve structure, the entire structure was an integral device, it was unitary, it had a catalogue price, and no way of dividing the cost existed; and then, again, the emergency valve feature was not only a part of the triple valve structure, but dominated it, so that without that valve the entire structure had no marketability, and, whatever may be said of the other equipments, it is beyond dispute that no buyer would take at any price during the period of the accounting the triple valve structure, unless the emergency valve were made a part of it. Such a structure the complainants were amply prepared to supply to any and every would-be purchaser. Structures containing the infringing combination were supplied by the defendants. The rule is clear that the profits which the complainant might have gained by supplying such demand are recoverable as damages which it suffered thereby. It is also clear that, if such sum exceeds the profits which the defendants gained, such profits can be enlarged until they equal the complainants' losses, but that the two amounts cannot be added together and charged up to the defendants. In this situation, the problem becomes an exceedingly simple one. The amount of profits which complainants would have made, if they had obtained the market supplied by defendants with infringing quick-action valve structures, would have been $128,397.40.

The master's report is accepted, and the above sum is found to be due to the complainants from the defendants, with costs.