INTERNATIONAL MFG. CO. et al. v. H. F. BRAMMER MFG. CO.

(Circuit Court of Appeals, Eighth Circuit. April 5, 1905.)

No. 2,118.

1. PATENTS—INFRINGEMENT—MECHANICAL EQUIVALENTS.

In determining the question of infringement of a patent covering a new combination of elements the form of the several parts has but little weight; the correct rule being that parts which perform substantially the same function, in substantially the same way, and produce the same results, are mechanical equivalents.

[Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Patents, §§ 372–374.]

2. SAME—INFRINGEMENT—MECHANICAL MOVEMENT.

The Plagman patent, No. 608,220, for a mechanical movement for use in washing machines, the purpose of which is the translation of the continuous rotary motion of a horizontal shaft in the same direction into the reciprocating rotary motion of a vertical shaft in opposite directions, covers a new combination, and is entitled to a fairly liberal construction and application of the doctrine of equivalents, and as so construed is infringed by the device of the Martin patent, No. 736,285.

Appeal from the Circuit Court of the United States for the District of Nebraska.

Hiram A. Sturges and Ed P. Smith (C. J. Smyth, on the brief), for appellants.

Taylor E. Brown (Clarence Poole, on the brief), for appellee.

Before SANBORN, Circuit Judge, and PHILIPS and RINER, District Judges.

RINER, District Judge. This was a bill in equity charging the defendants with the infringement of letters patent No. 608,220,

granted to Adolph Plagman, August 2, 1898, for an improvement in mechanical movements adapted for use in washing machines.    The prayer of the bill was for an injunction and an accounting.    The answer is in the usual form, denies infringement, and sets forth that the defendants had constructed all of the alleged infringing machines strictly within the limits of their own letters patent, No. 736,285, dated August 11, 1903, issued to J. W. Martin for improvements in mechanical movements.    It is also further averred in the answer that in view of certain patents and prior uses by others the patent of complainant is void for the reason that, in view of the well-known state of the art at and before the date of the alleged invention of complainant, the same did not involve invention, and was and is without patentable novelty.    The Circuit Court found complainant's patent valid and infringed, and entered a decree directing that an injunction should issue and for an accounting.

The validity of complainant's patent is expressly admitted.    On page 112 of the record we find the following admission made by defendants' counsel:

"Counsel for the defendants states in the record that the defendants have not by their pleadings nor by their evidence claimed that the Plagman patent is illegal.    They merely assert and insist that in view of the Schroeder and other patents issued by the government prior to the issuance of the Plagman patent, that the latter is limited in its scope to the specific points or improvements pointed out and claimed in the Plagman diagrams and claims, namely, the two extended teeth on the cylinder and the cams or guideways on the frame as located opposite the driving pinion; that Plagman is not entitled to a broad construction of his patent, but is necessarily limited to these particular points."

In view of this admission, the only question which we are called upon to decide is whether the decision of the Circuit Court in holding that there was an infringement of the complainant's patent was correct; or, as suggested by appellants in their brief, "Have the appellants, by the manufacture and sale of washing machines made strictly in accordance with the Martin patent, infringed upon the rights of appellees under the Plagman patent?"

The subject of both inventions is the translation of the continuous rotary motion of a horizontal shaft in the same direction into the reciprocating rotary motion of the vertical shaft in opposite directions; and the question which the inventors were endeavoring to solve was the most efficient means by which this result could be accomplished, and each used a combination of mechanical devices.

We will first notice the Plagman patent.    The patentee thus describes in the specifications of his patent his alleged invention:

"(1) A shaft which revolves continuously in one direction, and is provided upon its inner end with a gear or pinion, combined with a vertically-moving cylinder provided with pins or projections between its ends, and which pins or projections mesh with the teeth of the pinion or gear, a vertical shaft upon which the cylinder is splined, and stop-guides with which two of the teeth upon the cylinder engage, substantially as shown.

"(2) A suitable frame, a horizontal driving-shaft journaled therein, provided with a pinion or gear at its inner end, a vertical shaft provided with a suitable device at its lower end, and a cylinder having a rising-and-falling movement upon its upper portion, and which cylinder is provided with teeth of unequal lengths, combined with suitable stop-guides with which the long

teeth upon the cylinder engage, and which cylinder has a vertical rotary recip-
rocating motion with the vertical shaft, substantially as described.

"(3) A mechanical movement composed of a suitable framework, two shafts
placed at right angles to each other, the driving-shaft being provided with a
gear or pinion upon its inner end, and a vertically-moving cylinder splined upon
the vertical shaft, and which cylinder is provided with teeth or projections of
unequal length, combined with a stop-guide, having two curved surfaces which
extend in opposite directions, and with which curved surfaces the pins upon
the cylinder engage, the cylinder being raised and lowered and made to reverse
its rotary movement by the teeth of the pinion catching under the pins or pro-
jections upon the cylinder, while first raising the cylinder and then lowering
it, substantially as set forth."

The main elements of a washing machine constructed under this
patent are (1) a power shaft, which must be adapted for being
driven continuously in one direction; (2) a gear or driving pinion
upon the inner end of the power shaft; (3) a dasher shaft, at right
angles with the power shaft; (4) a frame, in which both shafts
may be suitably supported; (5) a cylinder, sleeve, or head, slidable
on the dasher shaft, but splined thereto to rotate the shaft; (6) a
segmental set of teeth or pins upon the cylinder or head, midway
of its ends, radially projecting in the arc of a circle partially around
the head, and uniformly spaced to engage the gear; (7) curved
stop-guides, stationary with respect to the cylinder and positioned
on the frame, either integrally or removably by means of bolts;
(8) and a movable arm or part on the cylinder or head, and posi-
tioned anywhere thereon so that it will cross the curved stop-
guides, and contact with them when the cylinder or head is rotated.

The following drawing is a plan view of the cylinder, showing
the teeth or pins which engage the gear or driv-
ing pinion and the two projecting pins, that come
in contact with the stop-guides when the motion
of the cylinder is to be reversed.

The patent does not set forth the location of
the projecting arms which contact with the sta-
tionary cams or curved guide surfaces, neither
does it refer to the angular distance between
the movable contacting arms, nor is the location of the stationary
cams or curved guides prescribed in the patent, and there is no
reason why if they are moved to any other location on the frame,
but still in the path of the movable contacting arms of the cylin-
der, they will not perform the same function in precisely the same
manner, provided the position of the extensions co-operating with
the guides is correspondingly changed.

There are no express disclaimers or limitations in the complain-
ant's patent, and we think the patentee is entitled to a liberal ap-
plication of the doctrine of mechanical equivalents unless the prior
art, as disclosed by the evidence, imposes restrictions. Western
Electric Co. v. La Rue, 139 U. S. 601, 11 Sup. Ct. 670, 35 L. Ed.
294; Ives v. Hamilton, 92 U. S. 426, 22 L. Ed. 494; Miller v. Man-
ufacturing Co., 151 U. S. 186, 14 Sup. Ct. 310, 38 L. Ed. 121; Na-
tional Hollow Brake Beam Co. v. Interchangeable Brake Beam Co.,
106 Fed. 693, 45 C. C. A. 544.

In the case last cited, Judge Sanborn of this court, in discussing the subject of mechanical equivalents, after stating that the term when applied to the interpretation of a pioneer patent has a broad and generous signification, while its meaning is very narrow and limited when it conditions the construction of a patent for a slight and almost immaterial improvement, said:

"But the great majority of patents falls between these two extremes. They are neither for pioneer inventions nor for improvements so slight as to be almost immaterial. While they do not evidence the first or the last step in the progress of the art to which they relate, they often mark signal advances and protect useful improvements. The doctrine of mechanical equivalents conditions the construction of all these patents, and in determining questions concerning them the breadth of the signification of the term is proportioned in each case to the character of the advance or invention evidenced by the patent under consideration, and is so interpreted by the courts as to protect the inventor against piracy and the public against unauthorized monopoly."

And in the same case it is said:

"The doctrine of mechanical equivalents is governed by the same rules and has the same application when the infringement of a patent for a combination is in question as when the issue is over the infringement of a patent for any other invention."

Several patents were offered in evidence, but none of them except the Schroeder patent, No. 535,465, and the defendants' patent so closely resembled the Plagman as to require particular notice.

Claim 1 of the Schroeder patent is as follows:

"An (1) operating shaft having a rotary reciprocating motion, (2) a cylinder placed upon the shaft and having a sliding movement thereon, and through which cylinder motion is alone communicated to the shaft, and (3) a double row of teeth or cogs upon the cylinder extending at an angle to the shaft, combined with a (4) driving shaft having means for revolving it attached to one end, and a (5) wheel for engaging the teeth on the cylinder at the other, the driving shaft being driven continuously in one direction. * * *"

It will thus be seen that the Plagman patent contains the five elements set out in the Schroeder claim, but it also contains two additional elements and has a combination entirely new. The first of these additional elements is the stationary cams or curved stop-guides, and the second the movable arms to contact therewith; while in the Schroeder patent there are no stationary cams or stop-guides, and hence no use for any movable arms. We think, therefore, that the Plagman patent discloses for the first time in the art a new construction, comprising a driving shaft, a driving pinion, a driven dasher shaft, and a slidable cylinder having cogs or teeth engaged by the driving gear, in combination with stationary cams or stop-guides and movable arms connected with the cylinder and adapted to engage the cams.

The movable arms being located on the sliding rotatable cylinder, there is only one limitation as to them, and that is that the part of each arm which engages with the stationary cam or stop-guide shall extend outwardly from its support a distance sufficient to actually contact with the stationary cam, and therefore cannot be in the same orbit or path occupied by the cylinder cogs or teeth.

This combination was one, we think, not only involving two new elements, but was a new combination, even if it can be said that the elements are old. We conclude, therefore, that there is no limitation of the Plagman claims required by reason of the prior state of the art.

We come now to a consideration of the defendants' patent. This patent, like the Plagman, contains the five elements of the Schroeder patent already described, together with the two additional elements of the Plagman patent. It is contended, however, that it differs from the Plagman in that the curved guideways are located upon the same side as the driving pinion, whereas in the Plagman patent they are located upon the opposite side, and instead of the two long teeth upon the occupied part of the mutilated gear, as in complainant's patent, the defendants used a single long arm or spindle, mounted upon the toothless portion of the mutilated gear, for the purpose of engaging the guideways, as shown in the following drawing:

While these parts of the Martin patent are not identical with the corresponding elements of the Plagman patent, yet we think that the single long arm or spindle, mounted on the toothless portion of the mutilated gear in the Martin, has the operative effect of the two long pins or projections in the occupied portion of the gear in the Plagman, without making any other change in the mechanism except that of correspondingly increasing the horizontal width of the guide plate; in other words, the single long pin has precisely the same operation as the two pins, in that one of the side faces of the single long pin engages one curved guide, and the other side face engages the other curved guide, the space between the guides being widened to correspond with the reduced angular or horizontal width of a single long pin, as compared with the corresponding width of the two long pins of the complainant's machine, including the space between them, the width being measured from the outer face of the one pin to the outer face of the other.

In our judgment, this device of the defendants performs no different function, neither does it produce a result different from that of complainant's device. The difference between the two devices is simply one of form.

In Machine Co. v. Murphy, 97 U. S. 120, 24 L. Ed. 935, Mr. Justice Clifford said:

"Except where form is of the essence of the invention, it has but little weight in the decision of such an issue, the correct rule being that, in determining the question of infringement, the court or the jury, as the case may be, are not to judge about similarities or differences by the names of things, but are to look at the machines or their several devices or elements in the light of what they do, or what office or function they perform, and how they perform it, and to find that one thing is substantially the same as another, if it performs substantially the same function, in substantially the same way, to obtain the same result."

In disposing of this case in the Circuit Court, Judge Carland said:

"While the Plagman patent is not a pioneer, in view of the patent to Schroeder, No. 535,465, dated March 12, 1895, still it marked a sufficient advance in in the art of translating the continuous rotary motion of the horizontal shaft in the same direction into the reciprocating rotary motion of the vertical shaft in opposite directions, as to entitle it to the benefit of the doctrine of mechanical equivalents, proportioned to the amount of advance made; and this proportion entitles the Plagman patent to invoke, as against the Martin patent, the doctrine of mechanical equivalents. The court is unable to come to any other conclusion, from the arguments and proofs, than that the device in the Martin patent is a mechanical equivalent of that used in the Plagman patent, so far as the translation of the rotary motion of the horizontal shaft in the same direction into the reciprocating rotary motion of a vertical shaft in an opposite direction is concerned."

In this view of the case we fully concur. If no one can be held to infringe a patent for a combination unless he uses all the parts of the combination and the same identical machinery as that of the patentee, then will no patent for a combination ever be infringed; for certainly no one capable of operating a machine could be incapable of adopting some formal alteration in the machine or of substituting mechanical equivalents. It is true, no one infringes a patent for a combination who does not employ all the ingredients of the combination; but if he employs all the ingredients, or adopts mere formal alterations, or substitutes for one ingredient another which performs substantially the same function as the one withdrawn, he does infringe.

The decree of the Circuit Court is affirmed.

NOTE.—The following is the opinion of CARLAND, District Judge, in the court below:

The above case has been heard upon pleadings and proofs. It would serve no useful purpose for this court to enter into a lengthy discussion of the principles of law which should govern this case, or the facts and opinions which have been introduced in evidence for the enlightenment of the court. It is sufficient for the purposes of a trial court to state briefly the conclusions reached.

After a careful consideration of the arguments of counsel and of the proofs submitted, this court is of the opinion that the device of the defendant, as contained in the Martin patent, No. 736,285, issued August 11, 1903, performs substantially the same function, in substantially the same manner, and obtains the same result, as the device contained in the Plagman patent, No. 608,220, dated August 2, 1898. The subject of both these inventions is the translation of the continuous rotary motion of a horizontal shaft in the same direction into the reciprocating rotary motion of the vertical shaft in opposite directions. The problem which the inventors were seeking to solve was to provide the simplest and most efficient means to accomplish this translation. Each used a combination of mechanical devices to solve this question, and the serious issue in this case is whether or not the combination in the Martin patent is an infringement upon that claimed and secured by the grant to Plagman. The court is of the opinion that, while the Plagman patent is not a pioneer, in view of the patent to Schroeder, No. 535,465, dated March 12, 1895, still it marked a sufficient advance in the art of translating the continuous rotary motion of the horizontal shaft in the same direction into the reciprocating rotary motion of the vertical shaft in opposite directions as to entitle it to the benefit of the doctrine of mechanical equivalents, proportioned to the amount of advance made; and this proportion entitles the Plagman patent to invoke, as against the Martin patent, the doctrine of mechanical equivalents. The court is unable to come to any other conclusion, from the argu-

ments and proofs, than that the device in the Martin patent is a mechanical equivalent of that used in the Plagman patent, so far as the translation of the rotary motion of a horizontal shaft in the same direction into the reciprocating rotary motion of a vertical shaft in an opposite direction is concerned. The device in the Martin patent performs no different function. Neither does it produce any different result. The difference between the two devices is simply one of form, in the way the result is produced. The court is not of the opinion that the law of mechanical equivalents or the claims of Plagman restrict the Plagman patent to the exact form described in his specifications and claims. The court understands that it is only where the form or way of performing a function is inseparably connected with the principle or function itself that the court will hold a patentee to the strict form stated in his claim.

It results from the foregoing that the complainant is entitled to a decree holding complainant's patent valid and infringed as to its three claims, for an accounting, and the issuance of an injunction as usual in such cases.