## BEACH v. HATCH.

### (Circuit Court, D. Massachusetts. May 15, 1907.)

### No. 63.

PATENTS—SUITS FOR INFRINGEMENT—ACCOUNTING.
  On an accounting for infringement of a patent under Rev. St. § 4921 [U. S. Comp. St. 1901, p. 3395], the defendant's profits and complainant's damages are distinct from and independent of each other and are governed

by different principles, and one is not the measure of the other, and hence both should be found, so that complainant may elect between them.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Patents, § 569. Accounting by infringer for profits, see note to 50 C. C. A. 8.]

In Equity. On exceptions to master's report.

John Dane, Jr., for complainant.
Wetmore & Jenner and John Gilbert Hill, for defendant.

COLT, Circuit Judge. This suit was brought for infringement of the Beach patent, and a decree was entered in the usual form for an injunction and reference to a master. The case is now before the court on exceptions to the master's report. The fundamental question raised by the exceptions is whether the ruling of the master on the question of accounting under section 4921 of the Revised Statutes [U. S. Comp. St. 1901, p. 3395] was correct.

In the decree the master was directed to take and report to the court an account of the profits which the said defendant has received or which have arisen or accrued to him from the infringement of the patented invention by unlawfully making, using, or vending the same as alleged in the bill, and to ascertain and report the damages, if any, in addition to the profits which the complainant has sustained thereby since the 26th day of May, A. D. 1891, by reason of the use of the combinations set forth in the first, second, and third claims of said reissued patent.

The master found that the complainant's firm was prepared at all times during the accounting period to supply to customers the Beach machine, embodying the invention described and claimed in the patent in suit, and that the defendant could have purchased in the market two noninfringing Beach machines in place of the two infringing machines used by him during the accounting period. The master further found that the manufacturer's profit which the complainant's firm would have made upon two such machines, if they had been purchased and used by the defendant in place of the two infringing machines, amounted to $529.20. The master then ruled that the complainant was entitled to recover from the defendant this amount. In support of this ruling the master says:

"Where an inventor embodies his invention in working machines and supplies the market with such machines, he is limited in an accounting for profits to an amount equal to the profits which he would have made if the infringer had purchased such machines from him and used them in place of infringing machines. Such use of an invention by an inventor establishes its money value in an accounting for profits and limits a recovery of profits as effectually as an established license fee does. The profits being so limited, and the damages being determined, it is unnecessary to consider the details of profits or their amount, as they can, in no event, exceed the damages which are recoverable."

Under section 4921 and the decree entered in this case the master should have proceeded, first, to ascertain defendant's profits; and, second, complainant's damages. The complainant could then elect to have a decree entered for either profits or damages. Tilghman v. Proctor, 125 U. S. 136, 142–150, 8 Sup. Ct. 894, 31 L. Ed. 664.

As appears from his report, the master ascertained the profits which the complainant would have made on the sale of the two infringing machines, and declined to proceed further, holding that the right of recovery must be limited to these profits. What the master has termed profits are in fact the loss or damages sustained by the complainant. In other words, the master has ascertained the complainant's damages, and has failed to take and report the profits which have accrued to the defendant from the use of the two infringing machines.

The master's finding was correct so far as it proceeded on the theory that the profits the complainant would have made on the sale of the infringing machines was the measure of complainant's damages, in analogy to established royalties or established license fees, which have commonly been held to be the measure of such damages. But the master went further, and ruled that these profits were not only the measure of complainant's damages, but of defendant's profits. In so ruling I think the master lost sight of the fundamental distinction between defendant's profits and complainant's damages. The former are "the profits, gains, savings, and advantages" which have accrued to the defendant by the use of the infringing machines, and which are recoverable on the principle that equity will not permit a wrongdoer to profit by his own wrong, while the latter are the actual damages sustained by the complainant, which are recoverable on the principle of compensation for the loss he has suffered by the wrongful act of the defendant.

It is clear, therefore, that defendant's profits and complainant's damages are distinct from and independent of each other, that they are governed by different principles, and that one cannot be said to be the measure of the other in an accounting under section 4921.

The exceptions, so far as they relate to this ruling of the master, are sustained; and the case is referred back to the master for further proceedings in accordance with this opinion.