H. F. BRAMMER MFG. CO. v. WITTE HARDWARE CO. et al.

(Circuit Court of Appeals, Eighth Circuit. March 17, 1908.)

No. 2,665.

1. PATENTS—INFRINGEMENT.

Plagman's patent, No. 608,220, August 2, 1898, for an improvement in mechanical movements, especially for use in washing machines, is not infringed by a machine constructed in accordance with the specification of patent No. 740,868, October 6, 1903, to Johnson.

A slidable cylinder is an essential mechanical element of each of the combinations claimed by Plagman, and it is absent from the machine of the defendants.

2. SAME—ABSENCE OF ONE ELEMENT OF COMBINATION AVOIDS INFRINGEMENT.

The absence from an alleged infringing device of a single essential mechanical element of a patented combination is fatal to a claim of infringement.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Patents, § 387.]

(Syllabus by the Court.)

Appeal from the Circuit Court of the United States for the Eastern District of Missouri.

Taylor E. Brown (C. Clarence Poole, on the brief), for appellant.
Arthur C. Denison (Taggart & Wilson, on the brief), for appellees.

Before SANBORN and ADAMS, Circuit Judges, and PHILIPS, District Judge.

SANBORN, Circuit Judge. This is a suit for infringement of letters patent, No. 608,220, issued to Plagman August 2, 1898, for an improvement in mechanical movements, especially for use in washing machines. The defendants' machine is sufficiently described in letters patent, No. 740,868, to Johnson, October 6, 1903. The purpose of the improvements claimed in each of these patents was to facilitate mechanical movements for the translation of the continuous rotary motion of a horizontal shaft in the same direction into the reciprocating motion of a vertical shaft in opposite directions. The state of the art when Plagman made his invention has been sufficiently portrayed for the purposes of this case in the opinions of this court in Brammer v. Schroeder, 106 Fed. 918, 46 C. C. A. 41, and International Mfg. Co. v. H. F. Brammer Mfg. Co., 138 Fed. 396, 71 C. C. A. 633, and it would be a futile discussion to review it here again. It is enough to say that while we held in the latter case that Plagman's specification disclosed for the first time in the art a new construction comprising a driving shaft, a driving pinion, a driven shaft, and a slidable cylinder having cogs or teeth engaged by the driving gear in combination with stationary or stop-guides, and movable arms connected with the cyl-

inder and adapted to engage the cams, and that he was entitled to a liberal application of the doctrine of mechanical equivalents, yet the state of the art was such that his invention was by no means a pioneer therein. It consisted simply in an improvement in the arrangement of the stop-guides so that they should be stationary and of the teeth and movable arms upon the cylinder, so that the former should engage with the pinion and the latter with the stop-guides more simply and effectively. The validity of Plagman's patent is challenged by the defendants, but in view of the proof upon the issue of infringement it is unnecessary to consider that question in this case, and it is here dismissed.

The claims of the patent in suit read in this way:

"1. A shaft which revolves continuously in one direction, and is provided upon its inner end with a gear or pinion, combined with a vertically-moving cylinder provided with pins or projections between its ends, and which pins or projections mesh with the teeth of the pinion or gear, a vertical shaft upon which the cylinder is splined, and stop-guides with which two of the teeth upon the cylinder engage, substantially as shown.

"2. A suitable frame, a horizontal driving shaft journaled therein, provided with a pinion or gear at its inner end, a vertical shaft provided with a suitable device at its lower end, and a cylinder having a rising and falling movement upon its upper portion, and which cylinder is provided with teeth of unequal lengths, combined with suitable stop-guides with which the long teeth upon the cylinder engage, and which cylinder has a vertical rotary reciprocating motion with the vertical shaft, substantially as described.

"3. A mechanical movement composed of a suitable framework, two shafts placed at right angles to each other, the driving shaft being provided with a gear or pinion upon its inner end, and a vertically moving cylinder splined upon the vertical shaft, and which cylinder is provided with teeth or projections of unequal length, combined with a stop-guide, having two curved surfaces which extend in opposite directions, and with which curved surfaces the pins upon the cylinder engage, the cylinder being raised and lowered and made to reverse its rotary movement by the teeth of the pinion catching under the pins or projections upon the cylinder, while first raising the cylinder and then lowering it, substantially as set forth."

In operation Plagman's vertical or dasher shaft has no vertical motion, and its reciprocal motion is communicated to it by the teeth-bearing cylinder which is splined upon it so that it slides on it vertically, but not horizontally. The defendants' machine has no slidable cylinder, its actuating teeth are attached directly to the vertical shaft which is thereby caused to rise and fall with each reciprocatory motion. The importance which Plagman attached to this cylinder is disclosed by the following excerpts from his specification:

"It [the invention] consists of a vertical shaft which has a rotary reciprocating motion, a cylinder which is splined upon the shaft and has a vertical movement thereon, etc. * * * This shaft is grooved, as shown at O in Fig. 1 upon one or more sides so as to receive splines P formed inside of the cylinder F which is placed thereon, and which has a vertical play upon the shaft while the operating shaft is in motion. * * * While the driving shaft is in motion, the cylinder alternately rises and falls upon its vertical shaft and is caused to rotate, first in one direction and then in the other, by the meshing of the teeth of the gear or pinion with the pins or projections upon the cylinder."

This sliding cylinder splined to the vertical shaft is specified and claimed in combination with other mechanical elements in each of the

claims of the patent. Conceding, without discussion, that the defendants' machine embodies the mechanical equivalent of every other element claimed in the Plagman patent, how can it be said to infringe his combination in the absence of the slidable cylinder?

It is true that one may not escape infringement by consolidating two mechanical elements or parts of a patented machine or combination into one, or by separating one into many, if after the change the united part, or the separated parts, perform the same function as before by substantially the same mode of operation. Bundy Mfg. Co. v. Detroit Times-Register Co., 94 Fed. 524, 538, 36 C. C. A. 375, 389; Mabie v. Haskell, Fed. Cas. No. 8,653; White v. Walbridge (C. C.) 46 Fed. 526. But the function of Plagman's combination was the production of reciprocal without any vertical motion of the vertical shaft by means of the sliding cylinder and the other elements he claimed. The defendants' machine does not perform this function by the same mode of operation. It produces reciprocatory and vertical motion of the vertical shaft without the cylinder by the application of the teeth or arms directly to the vertical shaft. If the combination of a defendant shows a mode of operation substantially different from that of the complainant, infringement is avoided even though the result of the operation of each is the same. Cimiotti Unhairing Co. v. American Fur Refining Co., 198 U. S. 399, 415, 25 Sup. Ct. 697, 49 L. Ed. 1100; Brooks v. Fiske, 15 How. 211, 221, 14 L. Ed. 665; Union Steam Pump Co. v. Battle Creek Steam Pump Co., 104 Fed. 337, 343, 43 C. C. A. 560.

The fact may be conceded that the advance in the art evidenced by the invention of Plagman would have been as great if he had applied it directly to the vertical shaft, and had omitted the cylinder, and that he might have claimed and have sustained his claim to a combination of the other mechanical elements of his present claims without the cylinder. Combinations of those elements, both without and with the cylinder for the purpose of translating continuous rotary motion in the same direction into reciprocating rotary motion in opposite directions were well known, and had been portrayed in many publications, patents, and machines. He claimed these elements in combination with the sliding cylinder, and he did not claim any combination of them without the slidable cylinder. If a patentee by his specification and claims industriously makes an unnecessary device an essential mechanical element of the combination he claims, he is thereby estopped from maintaining that a combination which omits it infringes. Cimiotti Unhairing Co. v. American Fur Refining Co., 198 U. S. 399, 415, 25 Sup. Ct. 697, 49 L. Ed. 1100.

The statute requires an inventor to "particularly point out and distinctly claim the part, improvement, or combination which he claims as his discovery." Rev. St. § 4888 (U. S. Comp. St. 1901, p. 3383). When he has done so he has thereby disclaimed and dedicated to the public all other improvements and combinations to perform the same function that are apparent from his specification and that are not evasions of the specific combination he claims as his own. Stirrat v. Excelsior Mfg. Co., 61 Fed. 980, 984, 10 C. C. A. 216, 220; O. H. Jewell Filter Co. v. Jackson, 140 Fed. 340, 347, 72 C. C. A. 304, 311.

The claims of Plagman read in the light of his specification and of the state of the art disclose no attempt or intent on his part to claim such a combination as that of the appellee, because he industriously made the slidable cylinder an essential element of his combination. It was the combination of the other mechanical elements with this cylinder that he claimed, and he thereby disclaimed every combination of them without it, or its mechanical equivalent, and it has no equivalent in the defendants' combination. The absence from a combination that is alleged to infringe of a single essential element of the patented combination is fatal to the claim of infringement. Cimiotti Unhairing Co. v. American Fur Refining Co., 198 U. S. 399, 410, 25 Sup. Ct. 697, 49 L. Ed. 1100; Adams Electric Ry. Co. v. Lindell Ry. Co., 77 Fed. 432, 451, 23 C. C. A. 223, 242; National Hollow Brake Beam Co. v. Interchangeable Brake Beam Co., 106 Fed. 693, 718, 45 C. C. A. 544, 569.

The court below dismissed the bill on the ground that there was no infringement, and its decree is affirmed.