## PEDERSEN v. DUNDON.

(Circuit Court of Appeals, Ninth Circuit. February 1, 1915.)

No. 2462.

1. PATENTS ⬦245—INFRINGEMENT—INCREASING NUMBER OF PARTS.
　　Neither the joinder of two elements of a patented combination into one integral part, accomplishing the purpose of both, nor the separation of

one integral part into two, which together accomplish substantially what was done by the single element, will avoid infringement.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 386; Dec. Dig. &#x269C;245.]

2. PATENTS &#x269C;328—INFRINGEMENT—DOOR FOR DIGESTERS.

The Dundon patent, No. 653,503, for a door for digesters, relating to doors for hermetically sealing retorts, digesters, or other vessels that sustain internal pressure, construed, and *held* not limited to a construction in which the pressing bars which cross the door are also utilized as hinges, and, as so construed, *held* infringed.

3. PATENTS &#x269C;321—SUITS FOR INFRINGEMENT—INTERLOCUTORY DECREE.

An interlocutory decree in an infringement suit, which as to profits and damages recoverable follows the language of the statute, cannot be held erroneous.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 588, 589; Dec. Dig. &#x269C;321.]

Appeal from the District Court of the United States for the Second Division of the Northern District of California; Wm. C. Van Fleet, Judge.

Suit in equity by Patrick F. Dundon against L. A. Pedersen. Decree for complainant, and defendant appeals. Affirmed.

The appellee is the patentee of letters patent No. 653,503, issued July 10, 1900, for "door for digesters." In the specifications the invention is described as new and useful improvements in hermetically sealing doors, and relates to doors for hermetically sealing retorts, digesters, or other vessels that sustain internal pressure," and to certain improvements in devices for hinging, closing, and securely sealing such doors, "being an improvement on an invention described in letters patent No. 418,867, granted to me on the 7th day of January, 1890."

The specifications proceed: "My present improvements consist in two or more bars that span the doors, bearing usually at four points thereon, so selected as to equalize the pressure around the sealed joints, and utilize the full strength of the door itself in resisting the compressing strain; also consists in the manner of hinging the doors by means of the bearing bars and a compensating link pivoted coincident therewith, and in other structural devices that will be particularly pointed out. * * * The main objects of my invention are celerity of action in opening and closing such doors, security against leaks, and to utilize the bearing bars as hinges on which the door may swing, and thus dispense with independent pivoting devices, avoiding the cost and complication of the latter."

Claim 3, which was claimed to be infringed, is as follows:

"3. In a hermetically closing door, pressing bars to force the door upon its seat, bearing at four or more points thereon, forming also hinges for the door, and in combination therewith the radius links *18* pivoted in the same axial line as the pressing bars and holding the door in adjustment thereon, substantially as specified."

The invention is shown in the subjoined drawing.

The court below found that the appellant had infringed claim 3, and decreed that the appellee recover from the appellant the profits, gains, and advantage which the latter had made or received, or which had accrued to him by the manufacture, use, or sale of doors, in violation of said claim.

William K. White, of San Francisco, Cal., for appellant.
Francis M. Wright, of San Francisco, Cal., for appellee.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge (after stating the facts as above). The appellant's combination differs from that which is described in the patent, in that the crossbars by means of which he applies external pressure to the door to hold it in place and make a tight joint do not combine with that function the function of hinges, but separate hinges are used, and the detachable crossbars were inserted in lugs on either side of the door frames.

The single element in the appellee's combination which is not found in prior combinations of the same kind is the compensating link at the top of the door, which resists the tendency of the door to sag upon its pivots and gives it a steady movement while it is being opened and closed. All the other elements are found in the patent to the appellee of date January 7, 1890, letters patent No. 418,867. So, also, the crossbars, which are employed by the appellant, are old, they having been described in the patent to R. D. Dixon, letters patent No. 439,125, issued October 28, 1890, and, had the appellant omitted the compensating link, there could be no question but that he would have avoided infringement. But the appellant has used everything which is found in the appellee's combination, and in the manner in which it is used therein, with the single exception that he secures the result obtained by the appellee's hinges by the use of two elements: First, the separate hinges; and, second, the crossbars with the accompanying screws to equalize the pressure around the sealed joints.

[1] The two devices so used by him are clearly the mechanical equivalent of the appellee's hinges. Neither the joinder of two elements of a patented combination into one integral part, accomplishing the purpose of both, nor the separation of one integral part into two, which together accomplish substantially what was done by the single element, will avoid a charge of infringement. Bundy Mfg. Co. v. Detroit Time Register Co., 94 Fed. 524, 36 C. C. A. 375, Standard Caster & Wheel Co. v. Caster Socket Co., 113 Fed. 162, 51 C. C. A. 109; H. F. Brammer Mfg. Co. v. Witte Hardware Co., 159 Fed. 726, 728, 86 C. C. A. 202. In Kings County Raisin & Fruit Co. v. United States Consol. S. R. Co., 182 Fed. 59, 63, 104 C. C. A. 499, 503, this court said:

"Infringement is not avoided by the fact that one of the integral elements of his built-up impaling roll is by the appellant separated into two or more distinct parts, so long as the function and operation remain substantially the same."

[2] The only serious question in the case is whether the appellee, by the use of the language found in his specifications and claims, has limited himself to the precise form of combined hinges and pressure bars which he describes. The appellant earnestly contends that the appellee's combination is thus limited, that the main objects of his invention as described in the specifications are "celerity of action in

opening and closing such doors," and "to utilize the bearing bars as hinges on which the door may swing, and thus dispense with independent pivoting devices, avoiding the cost and complication of the latter," and that in claim 3 the pressing bars are limited by the words "forming also hinges for the door," so that a functional limitation is placed in the patent, and the combination is confined to one in which pressing bars not only perform the function of pressing bars, but also the additional function of hinges for the door.

To this it is to be said that the "main objects" of the invention so mentioned are not the only ones enumerated in the specifications. Another main object therein set forth is "security against leaks." Nor do we think that the language of the patent so referred to should be construed as expressing the intention of the inventor to limit his invention to the precise form described therein. What the inventor meant by using the words "main objects" was main advantages. The main advantages of his invention were indeed those which he mentioned as the "main objects" thereof, and we think the words should be so construed. To utilize, as he did, the pressure bars for hinges, was an ingenious and meritorious device. In the absence of an expressed intention on his part to limit his invention to that precise form, we do not think he should be denied the doctrine of equivalents.

[3] Error is assigned to the decree, in that it adjudges that the appellee recover of the appellant, not only the profits which he had received or made by the manufacture, use, or sale of doors in violation of claim 3 of the patent, but also the damages resulting from the infringement. It is said that the decree should have been for the recovery in excess of profits only of such sum as damages as, taken with the profits, would give the appellee complete compensation for the injury. The appellant relies on the rule stated in section 1154, Robinson on Patents, and Westinghouse et al. v. New York Air Brake Co. et al. (C. C.) 131 Fed. 607, Tilghman v. Proctor, 125 U. S. 136, 148, 8 Sup. Ct. 894, 31 L. Ed. 664, Beach v. Hatch (C. C.) 153 Fed. 763, and Peerless Brick Mach. Co. v. Miracle P. S. Co. (C. C.) 181 Fed. 526.

Section 4921, Rev. Stat. (Comp. St. 1913, § 9467), provides:

"* * * And upon a decree being rendered in any such case for an infringement, the complainant shall be entitled to recover, in addition to the profits to be accounted for by the defendant, the damages the complainant has sustained thereby; and the court shall assess the same or cause the same to be assessed under its direction."

The decree follows the language of the statute, and does not in terms alter or enlarge its provisions. We may assume that in the final decree on the accounting the court will observe the construction placed upon the statute by the decisions of the federal courts. We find nothing in the language of the decree itself which justifies us in modifying its terms.

The decree is affirmed.