### BROWN & SHARPE MFG. CO. v. L. S. STARRETT CO.

(District Court, D. Massachusetts.    July 29, 1915.)

#### No. 77.

1. PATENTS ⬅➡328—INFRINGEMENT—MICROMETER CALIPERS.
    The Spalding patent, No. 717,296, for micrometer calipers, relating especially to an improved device for clamping the spindle, *held* infringed by the device of the Starrett patent, No. 1,098,694.

2. PATENTS ⬅➡243—INFRINGEMENT—OMISSION OF PARTS IN MECHANICAL DEVICE.
    Infringement is not avoided by eliminating a separate element of a patented combination, where its function is transferred to one of the remaining elements by adding thereto an integral part specially designed to perform the function of the omitted element in substantially the same way.

    [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 382–384; Dec. Dig. ⬅➡243.]

In Equity. Suit by the Brown & Sharpe Manufacturing Company against L. S. Starrett Company. On final hearing. Decree for complainant.

Wilmarth H. Thurston, of Providence, R. I., for complainant.
Ellis Spear, Jr., of Boston, Mass., for defendant.

BROWN, District Judge. By supplemental bill of complaint infringement is charged of letters patent No. 717,296, December 30, 1902, to Spalding, for micrometer calipers, by the manufacture and sale by the defendant of micrometer calipers constructed according to letters patent to Starrett No. 1,098,694, June 2, 1914. The subject-matter of the patent in suit is referred to in the opinions of this court dated November 13, 1912 (225 Fed. 993), and of the Circuit Court of Appeals in L. S. Starrett Co. v. Brown & Sharpe Mfg. Co., 208 Fed. 887, 126 C. C. A. 47.

The previous devices manufactured by the defendant, and which have been held to infringe the patent in suit, are described in letters

patent No. 806,594, December 5, 1905; No. 873,626, December 10, 1907: No. 928,889, July 20, 1909. Intermediate between these patents for devices which have been held infringements and the patent under which the defendant's device now in question in the present case is constructed, is patent to Starrett No. 1,006,508, October 24, 1911, which, so far as appears, has not been in suit and is not directly involved in this suit, but only as disclosing an intermediate construction tending to show the development of the defendant's device now complained of.

[1] The complainant's argument that the difference between the three-part locking device of the patent in suit and the two-part locking device of the defendant involves a mere change of form rather than of substance seems to be fortified and well illustrated by this intermediate patent.

In the defendant's device the means for locking the spindle consists of an actuating-ring inclosing a split-ring. The split-ring may be placed inside of the actuating-ring and both slid into a transverse slot formed in the micrometer frame—in this respect resembling the device of the patent in suit.

The features which now require special consideration are certain elements of the combinations claimed:

"A split-ring, a projection on the split-ring, a tangential plane on the split-ring, an actuating-ring inclosing the split-ring, and a member operated by the actuating-ring and operating the split-ring, as described."

The principal question is whether the defendant's device contains the last element—"a member operated by the actuating-ring and operating the split-ring."

In the Spalding patent this member was a roller—a separate and independent member. Rotation of the actuating-ring in turn rotated the roller and rolled it over a tangential plane on the split-ring toward the 'split, thus contracting the ring and clamping it on the spindle.

The defendant's split-ring is provided with an outer surface in the form of a cam and referred to as an involute surface. The outer surface of the split-ring is eccentric to its inner surface, thus making an inclined plane of the outer surface of the split-ring. The operating ring has a correspondingly formed eccentric or involute inner surface. When the operating ring is applied over the split-ring with the shoulder *19'* of the operating ring adjacent to the shoulder *16'* of the split-ring, the thickest part of the operating ring lies over the thinnest part of the inclosed split-ring, giving the maximum accommodation for the split-ring in the operating ring. The mode of operation for clamping the spindle is as follows:

The operating ring may be so turned that its inner surface will move towards the gradually thickening portion of the inner ring, and will thus crowd the inner ring inward and clamp it upon the spindle. In the Spalding device the force exerted by the revolution of the operating ring was exerted through the roller, which, when wedged into the upper portion of the space between the outer ring and the inclined plane of the inner ring, formed a projection that, by pressure against

the split-ring, contracted it. It will be seen from the intermediate Starrett Patent, No. 1,006,508, October 24, 1911, that the provision of a fixed seat for a roller, as shown in Fig. 3, or of a fixed stud in the operating ring, as shown in Fig. 5, instead of a roller seated in a slot of said operating ring, would be so slight a change from the device of the Starrett patent that infringement would not be avoided, since there would still be a separate member operated by the actuating-ring and operating the split-ring.

Merely to deprive the roller of its movement along the inclined plane by giving it a fixed location while retaining it for the performance of its function of compressing the split-ring would avoid neither the letter of claim 1 nor substantially change the combination. The claim is not limited to a rotary member, and the Starrett intermediate patent shows that to so limit it would be unjust.

It is the complainant's contention that the defendant's device has not eliminated the element described by Spalding as "a member operated by the actuating-ring and operating the split-ring." This question cannot be answered by considering whether or not there is a member entirely separate, as in the Spalding patent; for a mechanically distinct member of a combination may well be a part permanently attached to another part. The teeth of a circular saw are members, operated by the wheel to which they are attached, and operating upon the material to be sawed.

In considering whether we have a member, we inquire if there is a part specially formed for a special function. Whether it is attached to another part, or whether two members may be made out of a single piece of material, is often an unimportant consideration. The members of a machine, as of a man, may have permanent attachment.

The modification whereby Starrett's roller as a separate part has been eliminated consisted in changes in the form both of the split-ring and of the actuating-ring. The split-ring of Spalding was provided with a tangential plane or straight cam surface. In the defendant's device it is provided with a curved cam surface. Mr. Burlingame, complainant's expert, testifies that this is an immaterial variation, and that one form of cam surface is the mechanical equivalent of the other. He points out that Figs. 2 and 4 of Starrett's patent, No. 928,889, show a cam surface which is curved. The inner involute or cam surface of the actuating-ring formed integral with it is an addition for the purpose of acting upon and compressing the split-ring. The actuating-ring with the inner cam surface corresponds to the actuating-ring and fixed roller of the intermediate Starrett patent, No. 1,006,508. Mr. Burlingame is of the opinion that the one construction is the mechanical equivalent of the other.

[2] Mr. Livermore, defendant's expert, lays considerable stress upon the difference between a three-part and a two-part construction. It does not seem, however, that in this case the mere elimination of a separate part is of consequence if its function is transferred to a corresponding member newly added and specially designed to perform the same function in substantially the same way. The complainant cites, upon this point: Enterprise Mfg. Co. v. Shakespeare

Co., 220 Fed. 304, 309, —— C. C. A. ——; Pedersen v. Dundon, 220 Fed. 309, 311, —— C. C. A. ——; Bundy Mfg. Co. v. Detroit Co., 94 Fed. 524, 538, 36 C. C. A. 375; Standard Caster Co. v. Caster Socket Co., 113 Fed. 162, 51 C. C. A. 109.

The testimony of complainant's expert to the effect that defendant has not eliminated a member which transforms the rotary movement of the actuating-ring into pressure upon the clamping-ring, but has merely made it an integral part of the clamping-ring, seems reasonable. This involved a change of form both of this member and of the split-ring; but the direct clamping action (resulting from the location of the actuating-ring around the clamping ring or split-ring, the use of an inclined plane on the split-ring, and a co-operating member operated by the actuating-ring and operating upon the split-ring), which seems not to have been attained by the devices of the prior art, is attained in defendant's device, as well as in complainant's. The importance of this is stated by Starrett in his patent for the defendant's structure:

"It is of the utmost importance that the spindle be held or clamped by means which shall impart no rotative tendency by the clamping motion."

The course of development of defendant's device seems to have been, first, to eliminate the forward rotation of the roller upon the inclined plane, and to fix its location. This was no substantial change in principle, nor was it a material change when a bolt head was attached to the actuating-ring to co-operate with an inclined plane on the split-ring.

The next step was to modify the form of the inclined plane on the split-ring and to add the operating member to the actuating-ring as an integral part of it.

It is contended, although it is in dispute as matter of fact, that the defendant's device is more positive in action than complainant's. This disputed point is immaterial. Improvement, if shown, would not justify infringement.

Though infringement is cleverly disguised, the disguise is made apparent by the intermediate patent to Starrett, No. 1,006,508, and the testimony of complainant's expert justifies a finding of infringement.

The decree will be for the complainant.