**KILLIAN v. DEAN RUBBER MFG. CO. et al.**

**No. 2961.**

District Court, W. D. Missouri, W. D.

Sept. 30, 1938.

Charles W. Gerard, of Kansas City, Mo., and F. O. Richey and B. D. Watts, both of Cleveland, Ohio, for plaintiff.

996

Arthur C. Brown, of Kansas City, Mo., for defendants.

REEVES, District Judge.

This suit involves an alleged infringement of United States Letters Patent No. 1,605,445. The issue is simplified by frank statements of counsel on both sides of the case.

The contest, or issue, is reduced to the sole question whether the claims of the patent can be applied or read on defendants' machines. The plaintiff admittedly owns the patent. The general purpose of the patent is to: "Form a grommet, commonly known as a bead on the open end of tubular rubber articles manufactured by the dipping process and has for its object the provision of simple, durable means for rolling the open end of an uncured article back upon itself to form a bead of uniform cross section."

A further and a subsidiary object of the invention is: "to provide mechanical means for rapidly and economically rolling said beads whereby rubber articles of the class above described may be more economically and uniformly produced. * * * It being understood that the invention is capable of various adaptations and that changes and modifications may be made or substitutions resorted to which come within the spirit of the invention as set forth in the appended claims."

The several elements of the patented device and the alleged infringing device are practically the same: Each one has a conveyor, upon which forms are rotatably mounted; means for rotating such forms; a rotating brush for forming the beads, and also means for staying or holding the forms as against the upward thrust of the rotating brush.

It is the contention of the defendants that the plaintiff's patent is only protected against those devices which employ "means to directly engage and rotate said forms." Defendants say that the means employed in their device do not directly and frictionally engage the forms for rotation as specified in the patent. By means of a rack and pinion construction the defendants apply what they conceive to be indirect means to rotate the forms.

There being absent a dispute on the facts of the case, the evidence for the most part involved an expert interpretation of the applicability of the claims in plaintiff's patent to the machines used by the defendants. It tended along lines as to what constituted direct and frictional engagement and what constituted indirect engagement.

It is my view that the case, because of its simplicity, is susceptible of easy decision.

1. In the first place, the two chief objects of the invention should be kept clearly in mind. These are: First, to form beads "on the open end of tubular rubber articles manufactured by the dipping process"; and, second, "to provide mechanical means for rapidly and economically rolling said beads."

Both machines are so constructed as to meet or attain these objectives. As heretofore stated, both of them have: a conveyor; forms rotatably mounted on such conveyor; means for rotating the forms; a rotating brush with an upward thrust for forming the beads, and means for preventing displacement of the forms because of the upward thrust of the brush.

Defendants do not contend that they have employed different means for rotating the forms, but they say that the force used for that purpose is not directly and frictionally applied as described in plaintiff's patent.

Since the validity of the patent has been upheld (Stevens v. Carl Schmid, Inc., 2 Cir., 73 F.2d 54), and as no issue is made on that question, its validity must be sustained on the usual presumption springing from its issue. Moreover, according to the evidence, and the judicial treatment accorded the patent heretofore, it must be regarded as a pioneer. Strangely enough, no device previously invented was practical enough to supplant the slow and cumbersome as well as inefficient hand rolling methods formerly followed.

The plaintiff's device was practical, economical, successful, and came into general use. The principle applied in the patented device, as well as in the alleged infringing device, was identical. Apparently, when the patentee filed his application, he suspected an evasion or departure from the structure of his device when he said: " * * * it being understood that the invention is capable of various adaptations and that changes and modifications may be made or substitutions resorted to which come within the spirit of the invention as set forth in the appended claims."

To solve the question as to whether the construction in the defendants' device for rotating the forms creates a mechanical equivalent of the plaintiff's structure, reference may be had to the liberal interpretations allowed on pioneer inventions. A pioneer invention is usually understood as denoting a patent covering a function never before performed. Plaintiff's patent is entitled to be thus classified. And, as to such patents, they are not only entitled to a liberal construction, but, as well, to a broad and liberal range of equivalents. For instance, in the case of Bundy Mfg. Co. v. Detroit Time-Register Co., 94 F. 524, the Sixth Circuit Court of Appeals, composed of very able and distinguished judges, held that [page 538]: "One may not escape infringement by the mere joinder of two elements into one integral part. If the united part effects the same results, in substantially the same way as the separate parts before the union, the change is colorable."

The converse of the proposition would be, that a single element or part could not be multiplied or made more complex where the identical results are obtained in substantially the same way.

In the case of Johns-Manville Corporation v. National Tank Seal Co.; 10 Cir., 49 F.2d 142, loc. cit. 145, it was said: "A patentee is not restricted to the precise form of construction shown in the patent drawings, especially where that particular form is not essential to or embodied in the principle of the invention claimed."

On the same page, the court carefully set forth the recognized tests of equivalency: "(1) 'Identity of function'; and (2) 'substantial identity of way of performing that function.' "

In this case the two devices perform an admittedly identical function and there can be no controversy but that there is a "substantial identity of way of performing that function."

Again, as said in Sears, Roebuck & Co. v. Delta Mfg. Co., 7 Cir., 78 F.2d 745, loc. cit. 747: "One does not escape infringement by providing a single element which fully responds to a plurality of elements in the patent."

The converse of this must be true, and, as it was expressed in the Bundy Mfg. Co. Case, supra, a very casual study of the two devices would warrant the quick conclusion that the defendants' device is in all respects the mechanical equivalent of the device protected by plaintiff's patent.

2. But it is contended by the defendants that the plaintiff is estopped to assert a broad and a liberal interpretation of his claims because of the limitations found in the language thereof. This is a point always vexing and confusing to the courts. It has been the occasion of many conflicts in the opinions, and disagreements.

The case of D'Arcy Spring Co. v. Marshall Ventilated Mattress Co., 6 Cir., 259 F. 236, considered extensively this bothersome question. The court said, loc. cit. 238: "The rule that an express limitation may not be disregarded and the rule that a form equivalent to a specified form also infringes often seem to come into conflict. There is no fixed formula by which this conflict can be settled, *but it must be determined by finding the true meaning of 'equivalency' in the case to be* decided." And, on page 239, the court said in interpreting the Bundy Mfg. Co. Case, supra: "It was in effect held that the specific form of claim reference to an element which was not an inherent part of the new step, but only pertained to a working field therefor, would not be permitted to dominate except in the plainest case."

In the case of McMillan v. Fischer Auto Bed & Camp Co., D.C., 264 F. 671, Judge Cushman for the Western District of the State of Washington, (loc. cit. 673) said: "While it is true that the patentee must be held strictly to the language of his claim, even where the inventor was entitled to a broader claim than that to which he limited himself, and that, if he claimed only a part of his invention, he is presumed to have abandoned the remainder of it to the public, *yet such rule, if absolutely applied, would abolish the doctrine of mechanical equivalents.* The protection afforded by the patent against mere mechanical equivalents is not confined to claims that are ambiguous. *The limitation in the present claim did not pertain to the inventive step, but was rather an adaptation of the invention to its environment.*"

In Wellman-Seaver-Morgan Co. v. William Cramp & Sons Ship, etc., Co., 3 F. 2d 531 the Circuit Court of Appeals, Sixth Circuit, again considered the question of claims limitation. The court in substance said, as expressed in the syllabi: "Where a claim limitation pertains only to an ac-

**998**

cessory of the substantial invention and a liberal rule of equivalency is justified, the limitation may be minimized."

In like manner, in the case now being considered, the mechanical means for rotating the forms on the conveyor did not pertain to the inventive step, "but was rather an adaptation of the invention to its environment."

Again, keeping the objects of the invention in mind: First, to form annular beads on the open ends of rubber articles, and, second, to provide mechanical means for rapidly and economically rolling said beads. In this case, to hold that the defendants might be able to free their device from the protection of the patent by their rack and pinion construction would expose the patent to every form of evasion by slight mechanical alterations and changes in the means for rotating the forms. If this could be done, then plaintiff's patent would become valueless because it would be without protection.

In view of the above, it seems proper to hold that the defendants' structure infringes plaintiff's patent, and that plaintiff is entitled to the relief prayed for in his bill.

Counsel for the plaintiff will prepare and submit a decree as prayed for in his petition and in accordance with this memorandum opinion.